*United States v. Dambelly*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of March, two thousand eighteen.

PRESENT:    JOSÉ A. CABRANES,
            REENA RAGGI,
                        *Circuit Judges*,
            LAWRENCE J. VILARDO,
                        *District Judge.*[*]

---

UNITED STATES OF AMERICA,

                    *Appellee*,                          17-1594

            v.

SARJO DAMBELLY,

                    *Defendant-Appellant*,

---

[*] Judge Lawrence J. Vilardo, of the United States District Court for the Western District of New York, sitting by designation.

1

LAMIN SAHO,

                              *Defendant.*[†]

---

**FOR APPELLEE:**                    Michael D. Neff, Matthew Laroche, and
                                     Daniel B. Tehrani, Assistant United States
                                     Attorneys, *for* Geoffrey Berman, United
                                     States Attorney for the Southern District
                                     of New York, New York, NY.


**FOR DEFENDANT-APPELLANT:**         Edward S. Zas, Appeals Bureau, Federal
                                     Defenders of New York, Inc., New York,
                                     NY.


Appeal from a May 11, 2017 judgment of the United States District Court for the Southern District of New York (Jesse M. Furman, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the May 11, 2017 judgment of the District Court be, and it hereby is, **AFFIRMED**.

Defendant-Appellant Sarjo Dambelly ("Dambelly") appeals the District Court's judgment entered May 11, 2017. The judgment convicted him after a jury trial of one count each of conspiracy to export, transport, and possess stolen motor vehicles in violation of 18 U.S.C. § 371; exportation of or attempt to export stolen vehicles in violation of 18 U.S.C. §§ 2, 553(a)(1); transportation of stolen vehicles in violation of 18 U.S.C. §§ 2, 2312; and possession of stolen vehicles in violation of 18 U.S.C. §§ 2, 2313(a). The judgment also sentenced him principally to a year and a day's imprisonment on each count, the terms to run concurrently. We assume the parties' familiarity with the underlying facts and the procedural history of the case. We discuss in turn below the two issues that Dambelly raises on appeal.

1. **Evidentiary Basis for the Conscious-Avoidance Instruction**

Dambelly argues that the District Court erred by giving a conscious-avoidance instruction to the jury because "[t]here was no evidence" that he had taken "deliberate actions or made active efforts to shield himself from knowledge" of criminal activity. Br. Def.-Appellant 14.

---

[†] The Clerk is directed to amend the caption to read as shown above.

## (a) Law

"We review challenged jury instructions *de novo* but will reverse only if all of the instructions, taken as a whole, caused a defendant prejudice. . . . A jury instruction is erroneous if it misleads the jury as to the correct legal standard or does not adequately inform the jury on the law." *United States v. Applins*, 637 F.3d 59, 72 (2d Cir. 2011) (internal quotation marks and citations omitted).

"A conscious avoidance instruction may only be given if (1) the defendant asserts the lack of some specific aspect of knowledge required for conviction . . . and (2) the appropriate factual predicate for the charge exists, i.e., the evidence is such that a rational juror may reach [the] conclusion beyond a reasonable doubt . . . that [the defendant] was aware of a high probability [of the fact in dispute] and consciously avoided confirming that fact[.] The second prong of this test thus has two components[:] there must be evidence that the defendant (1) was aware of a high probability of the disputed fact and (2) deliberately avoided confirming that fact. Of course, the same evidence that will raise an inference that the defendant had actual knowledge of the illegal conduct ordinarily will also raise the inference that the defendant was subjectively aware of a high probability of the existence of illegal conduct. Moreover, the second prong may be established where[ a] defendant's involvement in the criminal offense may have been *so overwhelmingly suspicious* that the defendant's failure to question the suspicious circumstances establishes the defendant's purposeful contrivance to avoid guilty knowledge." *United States v. Svoboda*, 347 F.3d 471, 480 (2d Cir. 2003) (second, third, fourth, fifth, sixth, eighth alterations in original) (emphasis in original) (internal quotation marks and citations omitted).

## (b) Analysis

The absence of evidence that Dambelly actively did something to avoid knowledge does not make the District Court's conscious-avoidance instruction erroneous. No such evidence was required. A conscious-avoidance instruction may be given even when the defendant has taken no active measures to avoid learning of criminal activity. *See, e.g., id.* at 480–81 (finding a sufficient evidentiary basis for a conscious-avoidance instruction in facts that do not include any active measures taken by the defendant); *see also United States v. Fofanah*, 765 F.3d 141, 150 (2d Cir. 2014) (Leval, J., concurring) ("A finding that a defendant's ignorance of incriminating facts was a conscious choice on the defendant's part in no way requires a finding that the defendant took affirmative steps to avoid gaining the knowledge.").[1]

---

[1] Dambelly cites the decision in *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754 (2011), in support of his argument that there must be evidence of active measures to avoid knowledge. But we have already stated that *Global-Tech* simply summarizes existing case law. *United States v. Goffer*, 721 F.3d 113, 128 (2d Cir. 2013). *Global-Tech* did not abrogate our existing precedents on the conscious-avoidance instruction.

### 2. Language of the Conscious-Avoidance Instruction

Dambelly also argues that, even if it was proper to give a conscious-avoidance instruction, the District Court erred when giving the instruction to the jury on three counts: the counts of exportation of or attempt to export stolen vehicles in violation of 18 U.S.C. §§ 2, 553(a)(1); transportation of stolen vehicles in violation of 18 U.S.C. §§ 2, 2312; and possession of stolen vehicles in violation of 18 U.S.C. §§ 2, 2313(a). The District Court erred, according to Dambelly, because it "failed to make clear" to the jury "that the theory of conscious avoidance could not be applied to the aiding-and-abetting or attempt charges" on those counts. Br. Def.-Appellant 20. To convict someone of aiding and abetting or attempt of an offense, "proof of specific intent, not mere knowledge," is required, he asserts. *Id.* By contrast, a conscious-avoidance instruction permits a jury only to infer knowledge, not intent, from the defendant's avoidance.

### (a) Law

We review the correctness of jury instructions *de novo. Applins*, 637 F.3d at 72. "In reviewing a jury instruction, we examine not only the specific language that the defendant challenges but also the instructions as a whole to see [whether] the entire charge delivered a correct interpretation of the law." *United States v. Al Kassar*, 660 F.3d 108, 127 (2d Cir. 2011) (internal quotation marks omitted).

Dambelly concedes, however, that he did not raise this issue in the District Court. We therefore review the District Court's instructions on this issue for plain error. *See, e.g., United States v. Middlemiss*, 217 F.3d 112, 121 (2d Cir. 2000). Plain error exists when "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (alteration in original) (internal quotation marks omitted).

As Dambelly points out, one of the prerequisites for a conscious-avoidance instruction is that "the defendant [have] assert[ed] the lack of some specific aspect of knowledge required for conviction." *Svoboda*, 347 F.3d at 480. A conscious-avoidance instruction permits the jury to draw an inference of knowledge, not an inference of specific intent. *See United States v. Samaria*, 239 F.3d 228, 239–40 (2001), *abrogated on other grounds*, *United States v. Huezo*, 546 F.3d 174 (2d Cir. 2008). To convict a defendant of aiding and abetting, a jury must find that the defendant had the specific intent to commit the underlying substantive offense; mere knowledge is not enough. *United States v. Frampton*, 382 F.3d 213, 223 (2d Cir. 2004). Conviction on a charge of attempt requires proof of intent unless it is clear from the language of the statute that only knowledge, not intent, is required. *See United States v. Kwong*, 14 F.3d 189, 194 (2d Cir. 1994) (citing *Braxton v. United States*, 500 U.S. 344, 351 n. (1991)).

4

**(b) Analysis**

We conclude that the District Court's instruction was not erroneous, much less plainly erroneous. Reading the jury instructions as a whole, we note that the District Court correctly described the elements of both aiding and abetting and attempt. *See* Special App. Def.-Appellant 40, 44, 51–53. The District Court specifically instructed the jury that aiding and abetting required proof that the defendant had acted "willfully," and it explained that willfulness requires "an intention to do something that the law forbids"—i.e., specific intent. *Id.* at 51. It also correctly instructed the jury that attempt requires a finding "that the defendant intended to commit the crime charged." *Id.* at 44. And the District Court explicitly told the jury that "[c]onscious avoidance may apply only to the defendant's knowledge"—and therefore not intent. *Id.* at 53–54.

## CONCLUSION

We have reviewed all of the arguments raised by Dambelly on appeal and find them to be without merit. We therefore **AFFIRM** the May 11, 2017 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5